FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 15, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MISAEL RAMIREZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>SGL CARBON FIBERS AMERICA LLC, a Delaware limited liability company,<br><br>    Defendant. | No. 2:25-CV-00360-SAB<br><br>**ORDER DENYING MOTION TO REMAND** |

　　Before the Court is Plaintiff's Motion to Remand, ECF No. 10. The motion was heard without oral argument. Plaintiff is represented by Dean Petitta, Douglas Han, Shunt Tatavos-Gharajeh, April Rheaume, and Winthrop Hubbard. Defendant is represented by Aaron Doyer, Emily Seibold, James Shore, and Karin Jones.

　　Plaintiff filed a class action in Grant County Superior Court against Defendant, alleging eight causes of action for wage and hour violations. Defendants removed the action to the Eastern District of Washington pursuant to the Class Action Fairness Act ("CAFA"). Plaintiff asks the Court to remand the matter because Defendant has not met its burden in demonstrating the amount in controversy exceeds $5,000,000.

//

//

**ORDER DENYING MOTION TO REMAND ~ 1**

## Motion Standard

Section 1441(a) permits parties to remove any action filed in state court to federal court that originally could have been filed in federal court. 28 U.S.C. § 1441(a). The CAFA vests district courts with original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter of controversy exceeds the sum or value of $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5)(B)).

Congress intended CAFA to be interpreted expansively. *Ibarra v. Manheim Invests, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The Supreme Court has made clear: "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019).

If the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Ibarra*, 775 F.3d at 1197. That is, a removing defendant must show it is "more likely than not that the amount in controversy exceeds $5,000,000.00. *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018) (quotation omitted). The amount in controversy, for purposes of removal under the CAFA, is the amount at stake in the underlying litigation. *Id.*

In *Arias*, the Ninth Circuit set forth three principles to consider when considering the jurisdictional requirements under the CAFA: (1) a removing defendant's notice of removal "need not contain evidentiary submissions" but only plausible allegations of the jurisdictional elements; (2) when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions; and (3) when a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy. *Arias*, 936 F.3d

**ORDER DENYING MOTION TO REMAND ~ 2**

at 922 (citations omitted).

Whether an assumption is reasonable may depend on which element of the amount-in-controversy calculation is at issue. *Perez v. Rose Hills Co.*, 131 F.4th 803 (9th Cir. 2025). "By contrast, it makes little sense to require a CAFA defendant to introduce evidence of the violation rate—really, the alleged violation rate—because the defendant likely believes that the real rate is zero and thus that the evidence does not exist. For that reason, a CAFA defendant can most readily ascertain the violation rate by looking at the plaintiff's complaint." *Id.* An assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is equally possible that damages might be 'less than the requisite . . . amount.'" *Id.*

**Plaintiff's Complaint**

Plaintiff is bringing a class action based on the following putative class definition:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Plaintiff is alleging the following claims on behalf of the putative class:

(1) Failure to Provide Rest Periods; (2) Failure to Provide Meal Periods; (3) Failure to Pay Overtime Wages; (4) Payment of Wages Less than Entitled; (5) Failure to Accrue and Allow Use of Paid Sick Leave; (6) Unlawful Deductions and Rebates; (7) Failure to Pay All Wages Due at Termination; and (8) Willful Refusal to Pay Wages, in violation of Washington law and regulations.

Plaintiff alleges that Defendant "engaged in a common course of failing" to provide rest breaks and meal breaks, to pay minimum wages and overtime wages, to accrue sick leave and allowing usage of paid sick leave. Plaintiff is seeking attorneys' fees and costs.

//
//

**ORDER DENYING MOTION TO REMAND ~ 3**

**Defendant's Notice of Removal**

On September 15, Defendant removed the case to the EDWA, invoking CAFA jurisdiction. ECF No. 1. Specifically, Defendant alleged the district court had original jurisdiction over the matter because the class action satisfied CAFA's requirements of minimum diversity (any member of the class is a citizen of a state different from any defendant), class size (at least 100), and the amount in controversy (exceeding $5,000,000).

To show minimum diversity, Defendant alleged that Plaintiff is a citizen of the State of Washington and Defendant is not a citizen of the State of Washington (Delaware, Nevada, and Germany). To satisfy the class size requirement, Defendant alleged that there are 271 current and former employees. To satisfy the amount-in-controversy requirement, Defendant relied on a 100% violation rate and asserted the amount at stake in the controversy with respect to Claims 1, 2 and 3 was $3,948,031. Defendant also relied on Claim 8, which provides for statutory damages for twice the amount of the wages unlawfully withheld, that Defendant computed to be $7,896,062. Defendant then relied on attorneys' fees in the amount of $1,974.015 to argue the amount in controversy requirement was met.

**Analysis**

Plaintiff is not challenging whether the number of class members and diversity requirements are met under the CAFA. Rather, Plaintiff challenges whether Defendant has shown that the amount in controversy requirement is met. Plaintiff did not allege a specific amount of damages.

Here, Defendant has offered evidence that Plaintiff's aggregate alleged damages exceed $5,000,000. Although initially assuming a 100% violation rate, Defendant has shown that assuming a 70% violation rate and 3% assumed absenteeism rate, as applied by Plaintiff, also meets the $5,000,000 amount in

//
//

**ORDER DENYING MOTION TO REMAND ~ 4**

controversy for purposes of CAFA jurisdiction.[1]

In this case, Plaintiff alleges Defendant engaged in a "common course" of conduct and suggests this means Defendant violated wage and hour laws 40% of the time. The Court rejects this reasoning, finding a more reasonable interpretation of a common course of conduct is that it occurs somewhere between more than half of the time and all the time. *But see Muniz v. Pilot Travel Centers* LLC, 2007 WL 1302504 (E. D. Calif. 2007) (district court allowed defendant to use 100% violation rate to determine maximum penalty where plaintiff alleged common course of conduct in violation of the law). The Court finds Defendant's use of a 70% violation rate / 3% absenteeism rate to be reasonable and based on reasonable assumptions and a reasonable chain of reasoning.

Plaintiff is the master of his claims, and he could have alleged facts specific to his claims that would narrow the damages sought. *See Tanoh v. Down Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009). He did not. Notably, Plaintiff failed to provide any specific assertions of fact in the record including how often he was denied meal and rest breaks. *See e.g. Ibarra*, 775 F.3d at 1199.

Because Defendant has shown by a preponderance of the evidence that the amount at stake in this litigation is greater than $5,000,000, the Court is satisfied it has jurisdiction to hear this case, and thus, Plaintiff's Motion to Remand is denied.

//
//
//
//

---

[1] Defendant initially calculated alleged damages of $3,948,031.00, using a 100% violation rate. It then reduced this amount to $2,680,713.05 by applying the 70% violation rate and 3% absenteeism rate. This amount is doubled under Washington law because Plaintiff alleged Defendant's actions were willful.

**ORDER DENYING MOTION TO REMAND ~ 5**

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Remand, ECF No. 10, is **DENIED**.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 15th day of December 2025.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO REMAND ~ 6**